# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:04cv392

| | |
|---|---|
| BANK OF AMERICA, N.A., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FEDERALGUARANTEE )<br>MORTGAGE CO. a/k/a FEDERAL )<br>GUARANTEE MORTGAGE CO., or )<br>FEDERAL GUARANTEE )<br>MORTGAGE COMPANY, INC., or )<br>FEDERAL GUARANTEE )<br>MORTGAGE, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER comes now before the Court on Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 37(b)(2)(C). Defendant has not responded to the motion, and, indeed, is no longer represented by counsel.[1] This most recent deficiency follows an extensive history of failures by Defendant to comply with the Federal Rules of Civil Procedure and this Court's Orders, including: (1) failure to timely answer or otherwise defend the lawsuit (a Rule 55(a) default was entered and later set aside in prior Orders of the Court); (2) failure to retain new counsel, as required by this Court's November 10, 2005 Order, after Defendant's previous counsel was allowed to withdraw upon Defendant's failure to pay its legal fees; (3) failure to participate in a Rule 26(f) conference, as required by this Court's November 10, 2005 Order; (4) failure to appear or participate

---

[1] A corporate entity cannot appear in court unrepresented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993); see also N.C. Gen. Stat. § 84-4.

in a Rule 16(a) initial pretrial conference held before the Magistrate Judge on March 9, 2006 as required by this Court's January 11, 2006 Order; (5) failure to serve upon Plaintiff its Rule 26(a)(1) initial disclosures, as required by this Court's January 10, 2006 Pretrial Order and Case Management Plan; and (6) failure to respond to Plaintiff's discovery requests, as required by this Court's March 9, 2006 Order granting Plaintiff's motion to compel.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order [to compel discovery], or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . .
> (C) An order . . . rendering a judgment by default against the disobedient party.

In deciding whether to enter judgment by default as a sanction under Rule 37(b)(2)(C), the Court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. Mutual Federal Savings & Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). "Such an evaluation will insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default." Id.

In this case, Defendant has put forth no effort to defend this action or comply with the Court's Orders since its attorney was permitted to withdraw, and Plaintiff has been seriously prejudiced by a more than a two-year delay in obtaining relief. Defendant has been admonished that failure to comply with the Court's Orders would be sanctionable conduct, up to and including an

2

entry of default judgment. The extreme sanction of default judgment is warranted when there is complete noncompliance with a court's orders. The Court determines on the present record that no less drastic sanction would be effective in the face of Defendant's repeated and continuing violations. Accordingly, the sanction of default judgment is warranted and necessary in this case.

Plaintiff has submitted the affidavit of Carole Weller to establish its damages in this case. That affidavit establishes that Plaintiff had sustained, as of May 31, 2006, losses on the two loans here at issue in the amount of $171,710.50, with interest accruing at a rate of $20.03 per diem thereafter. As of the date of entry of judgment, therefore, Plaintiff's damages total $ 177,719.50.

In consideration of the foregoing, Plaintiff's Motion for Default Judgment (Doc. No. 24) is GRANTED. It is now, therefore, ORDERED, that Plaintiff Bank of America, N.A., shall have and recover from Defendant Federalguarantee Mortgage Co., judgment in the principal amount $177,719.50, plus post-judgment interest accruing at the federal statutory rate from the date of judgment until satisfied. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

Signed: March 27, 2007

Robert J. Conrad, Jr.
Chief United States District Judge